IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED LEE BRANUM, | § | |
| TDCJ #286354, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0414 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Alfred Lee Branum (TDCJ #286354), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Branum has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this habeas corpus case must be **dismissed** for reasons set forth below.

## I.   BACKGROUND

Branum reports in his petition that he is presently in custody as the result a felony conviction for murder that was entered against him on September 22, 1977, in the 248th District Court of Harris County, Texas. Branum is presently serving a forty-five year prison sentence as a result of that conviction. Branum does not challenge his underlying conviction

here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Pack I Unit in Navasota, Texas, where he presently resides.[1]

According to Branum, officials at the Pack I Unit issued charges against him in disciplinary case #20060312549 for violating prison rules in an unspecified manner. Branum was convicted following a hearing before a disciplinary officer. As a result of the disciplinary conviction, Branum reports that he spent fifteen days in solitary confinement and that he was demoted in class status from S-3 to S-4. Branum challenged the result of his disciplinary proceeding by filing Step 1 and Step 2 grievances, but his appeals were unsuccessful.

Branum now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. In four related claims, Branum argues that he was denied due process at his disciplinary proceeding. Notwithstanding the arguments made in the petition, the Court finds that Branum is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

## II.  DISCUSSION

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*,

---

[1]      Because the petitioner is incarcerated within this district, this Court has jurisdiction over his petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations, however, are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

3

In Texas, only those sanctions resulting in the loss of good-time credits by inmates eligible for release on mandatory supervision or otherwise directly and adversely affecting release on mandatory supervision will result in an imposition upon a protected liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Branum claims that he is eligible for mandatory supervision, but concedes that he did not lose any good-time credits as a result of the prison disciplinary conviction at issue in his petition. (Doc. # 1, *Petition*, ¶ 18). As noted above, Branum's punishment consisted of a limited restriction to solitary confinement for fifteen days and a reduction in classification status. As explained more fully below, these sanctions do not impose on a protected liberty interest.

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The imposition of a restriction on commissary or recreation privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). As a result of the demotion in classification status, Branum complains that his projected "mandatory supervision out date" has been extended from November 28, 2011 to March 14, 2012. The Fifth Circuit has held, however, that a reduction in a prisoner's class status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See*

*Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).

Branon alleges in his pleadings that he was denied parole as the result of his disciplinary conviction. The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). In light of this authority, the Fifth Circuit has recognized that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993) (same); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210 (1991) (same). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Therefore, any allegation

that the disciplinary conviction has thwarted the petitioner's early release on parole does not establish a due process violation.

Because the sanctions assessed against Branum do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law.  Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996);  *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  Accordingly, Branum's petition must be dismissed.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.  **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The federal habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  February 5 , 2007.


Nancy F. Atlas
United States District Judge